IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CHARLES TAYLOR MUHS,  )<br>)<br>*Appellant*,  )<br>)<br>)<br>v.  )<br>)<br>TKC AEROSPACE, INC.,  )<br>)<br>*Appellee*.  )<br>)<br>)<br>_____)  | Civil Action No. 1:17-cv-01304 |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on appeal from the United States Bankruptcy Court for the Eastern District of Virginia. The appeal is fully briefed and the Court dispensed with oral arguments. For the reasons below and for good cause shown, the Court **AFFIRMS** the bankruptcy court.

Appellant assigns error to the bankruptcy court's summary judgment ruling that Appellee's judgment against Appellant, obtained in the District Court for the District of Alaska (the Alaska judgment), is non-dischargeable under 11 U.S.C. § 523(a)(6). This Court has jurisdiction under 28 U.S.C. §§ 158(a)(3) and 158(c)(1).

These parties were previously before this Court in October 2017. In that matter, TKC Aerospace appealed from the Bankruptcy Court's denial of summary judgment in its favor. *TKC Aerospace, Inc. v. Muhs*, 2017 WL 4638588 (E.D. Va. Oct. 16, 2017). The Court incorporates here the recitation of facts in that decision. In its October order, the Court reversed the bankruptcy court and held that the bankruptcy court improperly peered behind the Alaska judgment. In the Alaska judgment, the district court held that Appellant was estopped from re-

1

litigating issues resolved by an Arizona state court proceeding. *Id.* at *2-3. In this Court's ruling, it instructed the bankruptcy Court to look solely at the Alaska judgment and the findings in support of that judgment in order to analyze dischargeability of the judgment under 11 U.S.C. § 523. *Id.*

In this appeal, Appellant implicitly seeks this Court to overturn its own prior ruling in this case, arguing that the § 523 analysis must examine in detail the decision in the Arizona state court case and applicable Arizona law. Appellant contends that 1) the Arizona judgment used a definition of "willful and malicious" that does not squarely fit § 523's definition; 2) the bankruptcy court based its ruling on an incorrect assumption that the damages awarded under the Arizona judgment were for violation of Arizona's trade secrets act; and 3) the Arizona judgment did not contain sufficient findings of fact to support a conclusion that Appellant's conduct was willful and malicious so as to bar dischargeability under § 523.

Appellant's arguments are refuted on the face of the record. In the ruling at issue, the bankruptcy court found that "[t]he Alaska court, adopting the findings of the Superior Court of Arizona, necessarily found that [Muhs'] misappropriation of trade secrets rose to the level of willful and malicious when it awarded exemplary damages under [Alaska's] version of the Uniform Trade Secrets Act." Appellee's App'x K. This finding serves as the foundation for the bankruptcy court's holding that the Alaska judgment, arising from willful and malicious trade secret violation, is non-dischargeable under § 523. *Id.* Thus, the bankruptcy court, following the law of the case and the mandate of this Court, never examined Arizona's definition of "willful and malicious," never made an assumption at all about why certain damages were awarded in the Arizona case, and never examined the findings of fact in the Arizona case. Appellant assigns error to findings the bankruptcy court never made.

2

As the bankruptcy court correctly observed, the Alaska judgment awarded exemplary damages to Appellee for Appellant's violation of Alaska's Uniform Trade Secrets Act. As this Court noted in its October 17, 2017 order, exemplary damages under that statute are awardable only for willful and malicious conduct. *See* ALASKA STAT. ANN. § 45.50.915(b) (West 2017). The District Court for the District of Alaska made this plain in its summary judgment order. *TKC Aerospace, Inc. v. Muhs*, 2015 WL 6394481, at *7 n. 37 (D. Alaska Oct. 22, 2015) (footnoting the court's exemplary damages award with "Per 45.50.915(b)"). This Court can find no evidence and Appellant has not contended that the "willful and malicious" standard applicable under ALASKA STAT. ANN. § 45.50.915(b) is inconsistent with *Duncan v. Duncan*, 448 F.3d 725, 729 (4th Cir. 2006). The bankruptcy court then correctly concluded that the Alaska judgment arose from Appellant's willful and malicious conduct and was thus non-dischargeable under § 523. *See, e.g., In re Harton*, No. 12-36221-KRH, 2013 WL 5461832, at *1 (Bankr. E.D. Va. Oct. 1, 2013) (judgment arising from willful and malicious appropriation of trade secrets non-dischargeable under § 523).

The Court finds no error with the bankruptcy court's decision. It is entirely consistent with the facts underlying the Alaska judgment, with the findings of the United States District Court for the District of Alaska, with the law of the case, with the mandate of this Court, and with applicable bankruptcy law. For these reasons and for good cause shown, the ruling by the bankruptcy court is **AFFIRMED**.

It is so **ORDERED**.

March 12, 2018
Alexandria, Virginia

Liam O'Grady
United States District Judge

3